UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT S. SWANTON,

    Petitioner,

    v.                                Case No. 19-C-1824

BRIAN FOSTER,

    Respondent.

## ORDER ON MIXED PETITION FOR RELIEF UNDER § 2254

On December 12, 2019, Petitioner Robert S. Swanton, who is currently incarcerated at Waupun Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Racine County Circuit Court of first-degree intentional homicide with use of a dangerous weapon and was sentenced to life in prison with the possibility of parole after 40 years.

Swanton filed with his petition an application for leave to proceed in forma pauperis. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that the applicant has exhausted state remedies or there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.").

Swanton alleges four grounds for relief. First, he claims his Fifth Amendment rights were violated when misleading and coercive tactics were used during an interrogation where he confessed to murder. Swanton says he was unable to understand his rights and overly susceptible to suggestions because he was overmedicated. Second, Swanton alleges that his right to present

2

a defense was infringed when, at a motion hearing to suppress his statement, his attorney and expert witness did not show up. Swanton says he was forced to proceed pro se and claims the trial judge erred in ruling he was not insane, intoxicated, or confused. Third, Swanton raises a claim of ineffective assistance of counsel. He argues that his counsel failed to present an adequate defense, to appear at the motion to suppress hearing, and to properly advise him on a plea deal. Lastly, Swanton claims that he was incompetent to stand trial or aid in preparing his defense.

From the face of the petition, it appears that Swanton only exhausted his first claim. The other grounds appear to state claims for relief, but Swanton says he did not exhaust his state remedies on these claims because his appellate attorney withheld access to transcripts and discovery.

Swanton has therefore filed a mixed petition, that is, one containing both exhausted and unexhausted claims. Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds by Artuz v. Bennett*, 531 U.S. 4 (2000).

In a situation like this, Swanton has two options. He may either (1) have this case stayed while he pursues his unexhausted claims in state court or (2) abandon any claims he has not exhausted and proceed in this case with his exhausted claim. Swanton must advise the court as

3

to which of the two options he wishes to pursue within thirty (30) days of the date of this order. If he fails to do so, the case will be dismissed as a mixed petition under *Rose v. Lundy*.

Even if Swanton moves for a stay and abeyance until he exhausts his state court remedies, his request may not be granted. This is because the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court explained in *Rhines* that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, the Court held that stay and abeyance should only be granted "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and even then only if the unexhausted claims are not "plainly meritless." *Id.* If a stay is granted, it will be structured so as to ensure that Swanton promptly moves to exhaust his state court remedies. Assuming he has not already done so, for example, he could be required to file his motion for postconviction relief on his unexhausted claims within forty-five (45) days of this court's order granting such a stay. In the event Swanton does move for a stay and Respondent wishes to oppose the motion, he should notify the court of his opposition within ten (10) days of Swanton's motion for a stay and file his brief in opposition within thirty (30) days thereafter. Otherwise the court will proceed to decide any motion for a stay on the record as it stands.

**IT IS THEREFORE ORDERED** that Swanton shall have thirty (30) days following the filing of this order to advise the court whether he wishes to either (1) have this case stayed while

he pursues his unexhausted claims in state court or (2) abandon any claims he has not exhausted and proceed in this case with his exhausted claim.

**IT IS FURTHER ORDERED** that Swanton's motion to proceed in forma pauperis (Dkt. No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. It will only delay the processing of the matter. Pursuant to the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to the State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary for their information only.

**IT IS FURTHER ORDERED** that, in the event Swanton does move for a stay and the Respondent wishes to oppose the motion, he should notify the court of his opposition within ten (10) days of Swanton's motion for a stay and file his brief in opposition within thirty (30) days thereafter. Otherwise, the court will proceed to decide any motion for a stay on the record as it stands.

Dated at Green Bay, Wisconsin this 6th day of January, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court